**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0268** (Ohio County 10-F-23)

**Clarence Ray Hoberek,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner's appeal, by counsel Randy Dean Gossett, arises from the Circuit Court of Ohio County, wherein the circuit court denied his motion for modification of sentence by order entered on January 22, 2012. The State, by counsel Marland L. Turner, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

By order entered on May 5, 2010, petitioner was sentenced to an aggregate term of incarceration of six to seventeen years following his entry of guilty pleas, pursuant to a plea agreement, to the following charges: fleeing in a vehicle while under the influence of alcohol; driving under the influence of alcohol, third offense; and, driving while revoked for driving under the influence, third offense. On August 27, 2010, petitioner filed a motion for modification of sentence, which the circuit court denied by order entered on January 22, 2012.

On appeal, petitioner alleges that the circuit court erred in denying his motion because it applied an incorrect standard of review and because it erred in finding that nothing had occurred within 120 days after entry of the final order to justify relief. According to petitioner, the circuit court cited language from a concurrence in *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), and therefore applied an inappropriate standard in ruling on his motion. Further, petitioner argues that he presented medical evidence to the circuit court concerning his multiple head traumas which renders its finding as to a lack of justification for relief erroneous.

In response, the State argues that the circuit court did not apply the wrong standard and, in fact, did not cite to the concurring opinion that petitioner alleges was used. Further, the State argues that petitioner himself admits that the medical events he wanted the circuit court to consider did not occur within the 120-day period after the final order was entered. According to

1

the State, petitioner has cited to no law which would require a circuit court to consider events that occurred fifteen years prior to sentencing. Further, because petitioner had previous opportunities to present this evidence, the ends of justice do not require consideration of these events.

To begin, we have held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion. As the State noted, the circuit court cited to the applicable standard of review for Rule 35 motions when it stated that "nothing occurred within [120] days after the final order to justify any relief under Rule 35(a) or (b)." *See* Syl. Pt. 5, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). That the circuit court also included language which petitioner attributes to a concurring opinion from that case does not render the decision erroneous. Further, the circuit court was correct in finding that nothing had occurred in the 120 days since the entry of the final order to justify relief, and petitioner himself admits that the events he seeks to present happened well before his sentencing. As such, the Court does not find error in regard to this finding.

For the foregoing reasons, the circuit court's order denying petitioner's motion for modification of sentence is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2